**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHAMPION LABORATORIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-4031-JPG |
| ) | |
| WILLIAM G. BURCH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on defendant's motion to dismiss, or alternatively to stay action, or alternatively to transfer venue to the Northern District of Oklahoma (Doc. 14), to which the plaintiff has responded (Doc. 42), and defendant replied (Doc. 43). For the following reasons, the Court will **DENY** defendant's motion.

**BACKGROUND**

William Burch worked for Champion Laboratories, Inc. (Champion) as a division manager from November 1, 1999 until it fired him on January 13, 2006. Champion claims it fired Burch because he defrauded it out of over $80,000.00 by submitting fraudulent requests for travel reimbursements. Burch filed suit against Champion in Oklahoma State Court on January 19, 2006 for wrongful termination, claiming Champion fired him because he blew the whistle on its illegal activities to the FBI. Champion had no knowledge of the Oklahoma action when it filed the instant action on January 30, 2006. In fact, Champion claims it was attempting to obtain recompense for the fraud short of litigation, and only filed suit after it became apparent that Burch was not interested in settling. Moreover, it claims its representatives communicated with Burch's attorney after Burch

filed the Oklahoma action, before Champion filed this action, and counsel made no mention of having filed suit. Champion contends Burch surreptitiously filed the Oklahoma action and intentionally failed to effect service in a timely manner so that he would get his choice of forum, and that he never had any intention to settle short of litigation.

Champion removed the state action to Northen District of Oklahoma on March 3, 2006. Shortly thereafter, Champion moved for a dismissal or transfer to this Court (March 9), after which Burch amended his complaint (March 30). When Champion answered the amended complaint on April 13, 2006, it did not include the two claims it brought here as counterclaims. Burch claims Champion should have pled these claims as compulsory counterclaims in the Oklahoma action, and as such, that Champion may not litigate them here. Alternatively, Burch requests a stay of these proceedings in favor of the Oklahoma proceedings or a transfer of this action to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404 for the convenience of the parties. The Northern District of Oklahoma has yet to rule on Champion's motion.

## ANALYSIS

**I.     Compulsory Counterclaims and the First-to-File Presumption**

Even assuming Champion's claims here are compulsory counterclaims in the Oklahoma action, Burch has failed to persuade the Court that dismissal is the appropriate course of action. Though courts in this Circuit have gone both ways on the issue, *compare Super Natural Distributors, Inc. v. MuscleTech Research & Dev.*, 140 F.Supp.2d 970, 975 (E.D. Wisc. 2001) (finding that Rule 13 does not bar the assertion of compulsory counterclaims in a subsequent suit unless the court in the first action has rendered judgment), *with Civix-DDI, LLC v. Expedia, Inc.*, No. 04-C-8031, 2005 WL 1126906, at *3 (N.D. Ill. 2005) (applying Rule 13 as a bar to the litigation

of compulsory counterclaims despite the fact that a judgment had not been entered in the first case), the Court believes the better view is that claims should not be dismissed pursuant to Rule 13 in the absence of a final judgment in the first-filed action. *See Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989) (describing the usual method of enforcing Rule 13 as pleading the first judgment as res judicata in the second suit); *Publicis Comm. v. True North Comms. Inc.*, 132 F.3d 363, 365-66 (7th Cir. 1997); *see also Dillard v. Security Pac. Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988); *see generally* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 13.14[1] (3d ed. 1997) ("A claim that should have been pleaded as a compulsory counterclaim in the first suit will only be barred in the subsequent action if a responsive pleading was required to be, or was served in the earlier action, *and a final judgment* was rendered in that suit.") (emphasis added); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §1418 ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.") (footnotes omitted). This is not to say that the two actions should be allowed to proceed concurrently; they should not.

As the authorities cited above suggest, it would be appropriate for this Court to stay this action pending resolution of the Oklahoma action. In fact, when two cases covering the same or similar subject matter are filed in two federal district courts, "[t]here is . . . a *presumption* that subject to the principles that govern requests for transfer to a more convenient forum, the first case should be allowed to proceed and the second should be abated." *Asset Allocation & Mgmt*, 892 F.2d at 573. Nevertheless, this Court need not defer to the Oklahoma proceeding simply because Burch beat Champion to the courthouse. *See Trippe Mfg. Co. v. Am. Power Conservation Corp.*, 46 F.3d

624, 629 (7th Cir. 1995) (noting that the Seventh Circuit does not rigidly adhere to a first-to-file rule); *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 833 (N.D. Ill. 2004) (noting that "[s]econd-filed actions may proceed where favored by the interests of justice") (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987)).

A party can defeat the presumption mentioned in *Asset Allocation & Management Co.* by "showing a compelling circumstance or imbalance of convenience." *Inforizons, Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001) (citing *Cent. States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F.Supp.2d 1092, 1094 (N.D. Ill. 1999)). Courts have found such circumstances present when "the plaintiff in the first-filed action raced to the courthouse to avoid litigating in another forum, . . . the first-filed action is trivial in relation to the second-filed action, . . . or . . . the first-filed action was brought in bad faith." *Id*. (citing *Indianapolis Motor Speedway Corp. v. Polaris Indus. Inc.*, No. IP 99-1190-C-B/S, 2000 WL 777895 at *2 (S.D. Ind. 2000)); *see also Barrington Group, Ltd. v. Genesys Software Sys., Inc.*, 239 F.Supp.2d 870, 873 (E.D. Wisc. 2003) (noting that the presumption is rebutted when the first-filed action "is seen as an improper anticipatory filing – that is, a filing made under threat of an imminent suit and asserting the mirror image of that suit in another district.") (internal quotations and citations omitted).

Champion has alleged several circumstances recognized as exceptions to the first-to-file rule. Burch did not address these allegations in its reply. First, Champion contends that Burch himself led it to believe that he was considering settlement. As a result, according to Champion, it held off from filing suit immediately. Though counsel for Burch filed the Oklahoma action on January 19, 2006, when he spoke on the telephone with counsel on January 27, 2006 and when he wrote a letter

to Champion on February 7, 2006, he failed to mention it. Burch's counsel did not inform Champion's counsel of the Oklahoma action until February 8, 2006, the day after Champion served Burch with process in this case.[1] As Burch has not disputed Champion's account, the Court is left with only one version of the events leading to the filing of these two lawsuits.

Without a doubt, this case and the Oklahoma case are mirror images of each other. In the Oklahoma case, Burch claims Champion fired him because he told authorities of Champion's illegal activities. In that case, Champion will surely claim, and offer evidence to support, its contention that it fired Burch because he stole over $80,000.00. What Burch's arguments in this case will be is not as clear. It is clear, however, that Champion is attempting to collect the $80,000.00 it claims Burch stole. In the Court's judgment, the similarity between these two cases coupled with Champion's undisputed allegations of gamesmanship, if not bad faith, show a sufficiently compelling circumstance to override the presumption that the first-filed action should proceed rather than the second. *See Schwartz*, 317 F.Supp.2d. at 833; *Barrington Group, Ltd.*, 239 F.Supp.2d at 873. The Court **DENIES** Burch's request for a stay of this action.

**II.      Burch's Motion to Transfer under § 1404**

Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

---

[1] Burch received the Oklahoma complaint February 13 and the summons on February 24.

As the moving party, Burch has "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Both parties agree that venue is proper in this Court and in the Northern District of Oklahoma.[2] As venue is proper here, the Court should only transfer this action to Oklahoma if it would enhance the convenience of the parties and the witnesses *and* if doing so would be in the interest of justice. 28 U.S.C. § 1404(a); *Coffey*, 796 F.2d at 219-20. The Court must consider these factors in light of all the circumstances of this case. *Id*. at 219.

### A. Convenience of the Parties and Witnesses

Among other things, in determining the convenience of the parties and the witnesses, courts consider the plaintiff's choice of forum, the site of the material events, the availability of the evidence in the respective fora and the convenience of litigating in the respective fora. *Hyman v. Hill & Assocs.*, No.Civ.A. 05-C-6486, 2006 WL 328260 (N.D. Ill. Feb. 9, 2006); *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F.Supp. 344, 345 (N.D. Ill. 1996). Champion has its principal place of business in Albion, Illinois, within this District. This is where Burch mailed or personally delivered his allegedly fraudulent travel expense reports, Champion processed these requests, issued his reimbursement funds and conducted its investigation. Moreover, on January 13, 2006, Champion interviewed Burch about his alleged fraud in Albion, and fired him that day. The FBI was present at this interview, and this appears to be the first time Burch made his allegations regarding Champion's illegal conduct to the FBI – basically, he alleged that Champion personnel encouraged him to commit fraud in return for keeping quiet about Champion's alleged anti-trust

---

[2] Champion explicitly concedes that venue would be proper in the Northern District of Oklahoma, (Doc. 42 at 9 n.1), and Burch has tacitly admitted the propriety of venue in its motions.

violations. Clearly, the situs of the primary events in this case is Albion. As Champion points out, Burch's primary defense, authorization for the fraud as the quid pro quo for keeping quiet about Champion's illegal activities, allegedly occurred in this District as well. Champion's witnesses all live in or around this District and all the documents upon which Champion intends to prove its case are in Albion or Chicago.

Burch acknowledges that the above and Champion's choice of forum merit some weight. Nevertheless, he believes a transfer is warranted. He bases this argument primarily on his financial status as compared to Champion's and the fact that he plans to call five witnesses who, like himself, reside in Tulsa, Oklahoma to testify "concerning Champion's activities relating to the allegations in the Complaint." (Doc. 14 Ex. G). The Court cannot give the convenience of Burch's witnesses substantial consideration in light of Burch's failure to "make at least a generalized statement of what their testimony would" include. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989); *Law Bulletin Pub., Co. v. LRP Publ'ns, Inc.*, 992 F.Supp. 1014, 1018 (N.D. Ill. 1998). That they will testify relating to allegations in the complaint is *too* generalized for these purposes, especially since Champion has no office in Oklahoma.

Burch has cited cases from outside this circuit for the proposition that his financial status merits consideration in the convenience calculus. *See, e.g., In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F.Supp.2d 164, 167-68 (E.D.N.Y. 2006). Even if this were the law in this Circuit, which Burch has failed to show, his financial position vis-a-vis Champion and his distance from this District are insufficient to outweigh the overwhelming considerations of convenience that favor venue in this District.

**B.     Interests of Justice**

This factor includes "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc.*, 883 F.2d at 1293.  On this score, Burch reiterates his argument that the claims in the instant action should have been raised as counterclaims in the Oklahoma action.  For the same reasons that the Court found this argument unpersuasive in the context of his motion to stay – uncontradicted allegations of bad faith and gamesmanship – this argument merits no consideration here.  There is no indication that the parties' right to a speedy trial counsels in favor of one forum or another.  In fact, both cases are set for trial in March 2007.  There is also no doubt that Illinois law applies to Champion's claims for fraud and unjust enrichment.  Simply put, Burch has failed to meet his burden on any aspect of the analysis under § 1404.

As the above demonstrates, neither the convenience of the parties and witnesses nor the interests of just counsel in favor of the transfer of this action.  Accordingly, the Court **DENIES** Burch's request for a transfer of this action.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion (Doc. 14).  This order makes Burch's appeal of Magistrate Judge Frazier's decision (Doc. 34) **MOOT.**

**IT IS SO ORDERED.**

Dated: November 21, 2006.

      s/ J. Phil Gilbert
J. PHIL GILBERT
U.S. District Judge