UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAMPION LABORATORIES, INC.,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>WILLIAM G. BURCH,<br><br>    Defendant/Counterplaintiff. | Case No. 06-cv-4031-JPG |
| WILLIAM G. BURCH,<br><br>    Plaintiff,<br><br>v.<br><br>CHAMPION LABORATORIES,<br><br>    Defendant. | Consolidated with<br>Case No. 06-cv-1030-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion for Judgment on the Pleadings (Doc. 68) filed by Plaintiff/Counterdefendant Champion Laboratories, Inc. (Champion). Defendant/Counterplaintiff William G. Burch (Burch) has responded (Doc. 78). For the following reasons, the Court DENIES the Motion.

**BACKGROUND**

**I.    Procedural Posture**

This case is a consolidation of two actions. Champion filed its complaint in this Court, invoking the Court's diversity jurisdiction, alleging that Burch had embezzled funds while an employee of Champion, and seeking restitution of those funds. Burch filed his complaint in state court in Oklahoma alleging that he was terminated from his employment with Champion in

retaliation for his refusal to participate in "price fixing" and/or in retaliation for reporting the price fixing and discriminatory pricing to the Federal Bureau of Investigation. Burch's state action was removed to federal court, venue was transferred to this court, and the action was consolidated with Champion's action. After a failed mediation attempt, the Court entered a scheduling and discovery order which requires discovery to be completed by May 8, 2008 and dispositive motions to be filed by May 23, 2008. This case is set to begin a jury trial on September 15, 2008. Burch attempted to file a counterclaim without leave of Court in January 2007, but the Court struck the filing. In January 2008, Burch filed a motion for leave to file the counterclaim. The Court denied the motion. Champion filed the instant motion for judgment on the pleadings addressed to Burch's counterclaims, that is, the claims in Burch's amended complaint originally filed in Oklahoma.

## II. Facts

The Court employs the same standard in deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir.2007). The court must accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Pisciotta*, 499 F.3d at 633.

As a preliminary matter, the Court must decide from which pleadings to draw the facts. As the Motion is addressed only to the counterclaims raised in Burch's amended complaint, the facts considered by the Court are those alleged in that complaint. The facts alleged in Champion's complaint against Burch are irrelevant to the Court's determination of whether

Champion is entitled to judgment on the pleadings for Burch's claims. As the moving party, Champion is not entitled to have its allegations accepted as true, nor is it entitled to have any inferences drawn in its favor. Accordingly, for purposes of this Motion, the Court will consider only Burch's amended complaint and Champion's answer to it.

Champion employed Burch as a salesperson from 1999 to 2006. Burch started off as a National Accounts Manager. Later, he was given the position of Division Sales Manager. Burch's employment with Champion was "at will." During the course of his employment, Burch became aware that Champion was providing information concerning price increases to competitors before it provided that information to its customers or the general public. Additionally, Champion was receiving information from its competitors regarding the competitors's price increases in advance of the competitors's customers or the general public receiving such information. Burch believed this conduct constituted illegal "price fixing," and he refused to engage in it, even though Champion directed him to do so. In addition, Burch became aware that Champion was discriminating in price between purchasers of commodities of like grade and quality. On January 13, 2006, Burch told an agent with the Federal Bureau of Investigation (FBI) about the price fixing and price discrimination. Later that same day, Champion fired Burch.

## ANALYSIS

As stated above, the Court employs the same standard in deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir.2007). The court must accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v.*

*Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Pisciotta*, 499 F.3d at 633.

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta*, 499 F.3d at 633. However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted).

The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n**.**8.

## I. Champion's Arguments

Champion offers three arguments as to why it is entitled to judgment on the pleading for Burch's counterclaims. First, it asserts that the substantive law of Illinois, not Oklahoma, governs Burch's claim. Next, it contends that Burch's pleading is factually deficient. Finally, Champion asserts that Burch will be unable to prove that he was fired in retaliation for refusing to engage in price fixing and/or for disclosing information about Champion's actions to the FBI in light of evidence that Champion will present showing that Burch was actually fired for

4

embezzlement.

### A. Relevance of Choice of Law Argument Not Shown

Champion first argues that Illinois, not Oklahoma, law controls. However, Champion gives the Court no indication as to why that should matter. Champion does not assert that Illinois does not recognize the tort of retaliatory discharge.[1] Nor does Champion attempt to show that the contours of Illinois's retaliatory discharge law do not reach to the particular facts alleged in Burch's complaint. Therefore, while Champion may be correct in its assertion that Illinois law controls, it has not shown that if the Court were to apply Illinois law Champion would be entitled to judgment in its favor.

### B. Factual Allegations Sufficient to State Claim

Champion next contends that, whether analyzed under Illinois or Oklahoma law, Burch's complaint is "too vague" to state a claim. While Champion seems to admit that Burch has stated the elements of a claim for retaliatory discharge,[2] it contends that Burch's complaint consists of mere "formulaic recitations [that] cannot support a claim." To the contrary, Burch alleges specific conduct by Champion in the form of price fixing and discriminatory pricing that he contends contravene public policy. He alleges that he explicitly refused to engage in that conduct. He alleges that he informed the FBI of Champion's conduct. He alleges that

---

[1] In fact, as Champion seems to acknowledge, Illinois law provides a cause of action for retaliatory discharge. *See, e.g., Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978).

[2] Champion asserts that, in order for Burch to prevail on a claim of retaliatory discharge under either Illinois or Oklahoma law, he must plead and prove that he complained about the company's conduct, he was discharged by the company, and the discharge was in retaliation for his complaints. The Court assumes without deciding that Champion has correctly stated the applicable law.

5

Champion fired him for refusing to engage in the conduct and/or for telling the FBI about it. These allegations are not mere formulaic recitations of the elements of a cause of action, but are specific facts plugged into the elements of a cause of action. They are enough to meet the notice pleading standard.

Champion also asserts that the conduct in which Burch alleges it engaged does not constitute illegal activity and is not a *per se* violation of antitrust laws. However, Champion has not asserted that Burch must plead and prove that Champion's conduct was actually illegal in order to prevail on a retaliatory discharge claim.[3] As such, any analysis as to whether Champion's conduct was legal or illegal is irrelevant to whether Burch's complaint states a claim for which relief can be granted.

### C. Burden Shifting Analysis Is Evidentiary Standard, Not Pleading Standard

Champion's final argument is that Burch will be unable to prove that he was fired for retaliatory reasons, rather than for Champion's proffered reason of embezzlement. Burch's complaint alleges that after he refused to engage in price fixing and reported Champion's actions to the FBI, he was fired. Accepting those facts as true and drawing all reasonable inferences in Burch's favor, he has sufficiently alleged that his firing was retaliatory. Contrary to Champion's assertion, Burch need not allege in his complaint that Champion's proffered reason for firing him was pretextual. *See, Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002). Burch may eventually have to *prove* that Champion's proffered reason for firing him was pretextual, but he

---

[3] In fact it appears that, under Illinois law at least, an employee's good-faith reasonable belief that the employer's conduct violates the law is enough to bring his claim for retaliatory discharge within the ambit of the tort. *See, e.g. Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 880 (Ill. 1981); *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir.2000).

need not *allege* pretext. The issue of pretext only arises under a burden shifting analysis, which is an evidentiary, not a pleading, standard. *Id*. at 510. As such, Champion's argument that it had a valid, non-pretextual reason to fire Burch should be addressed to a motion for summary judgment; it must fail in a motion for judgment on the pleadings.

## II. Special Requirement for Motions for Summary Judgment

The Court orders that, in addition to complying with all applicable local rules, any motion for summary judgment filed in this case must contain a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law. The statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

The opposing party's response, in addition to complying with all applicable local rules, shall include a concise response to the movant's statement that shall contain:

> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>
> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

If additional material facts are submitted by the opposing party pursuant to section (C),

the moving party may submit a concise reply in the form prescribed in sections (A) and (B). All material facts set forth in the statement filed pursuant to section (C) will be deemed admitted unless controverted by the statement of the moving party.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Champion's Motion for Judgment on the Pleadings (Doc. 68).

**IT IS SO ORDERED.**
**DATED: April 9, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**